THE RAMJI LAW GROUP, APC
Rizwan R. Ramji (SBN 210576)
riz@ramjilawgroup.com
Cal Edison Building
601 West Fifth Street, Eighth Floor
Los Angeles, CA  90071-2094
Telephone: (213) 225-5880
Fax: (310) 736-6663

GOLBERT & ASSOCIATES
ALBERT S. GOLBERT (28336)
albert@golbertlaw.com
601 West 5th Street, 8th Floor
Los Angeles, CA  90071-2094
Tel:  (213) 891-9641
Fax:  (213) 623-6130

Attorneys for Plaintiff Dominique Silva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE SILVA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BURBANK; ARTURO MONTANO, individually and in his official capacity as an employee of the City of Burbank, and DOES 1 THROUGH 25, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES SEEKING RELIEF, UNDER: <br><br> (1)    18 U.S.C. § 2252A; <br> (2)    18 U.S.C. § 2255; <br> (3)    42 U.S.C. § 1983; <br> (4)    Cal. Civ. Code § 1708.8(a)&(b); <br> (5)    Cal. Civ. Code § 1708.85; <br> (6)    Cal. Const. Art. I, § 1; <br> (7)    Cal. Labor Code § 435; <br> (8)    Intentional Infliction of Emotional Distress |

Complaint

)   (9)   Negligent Infliction of
)         Emotional Distress;
)   (10)  Negligent Hiring, Supervision,
)         and Retention
)
)   **JURY TRIAL DEMANDED**

Plaintiff Dominique Silva alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States in that it seeks relief under 18 U.S.C. § 2255; 18 U.S.C. § 2252A; and 42 U.S.C. § 1983.

2.     The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) in that they are part of the same case or controversy and derive from a common nucleus of operative fact.

3.     Venue is proper in the Central District of California because the Defendants either reside, or are doing business in the Central District, or are subject to personal jurisdiction there as provided in 28 U.S.C. § 1391(c). Further, all the events or omissions set forth in this Complaint occurred in the Central District. 28 U.S.C. § 1391(a)(2).

## PARTIES

4.     Plaintiff Dominique Silva, an individual, at all times relevant in this Complaint, resided in the County of Los Angeles.  During the time of the events alleged herein, Silva was a minor child, under the age of 18 years. Silva was an employee of the City of Burbank and worked as a lifeguard and swim instructor at the McCambridge Park Pool, and Verdugo Park Pool from Spring 2014 until June 2016.

5.     Defendant City of Burbank is a municipal corporation organized under Article IX of the Constitution of the State of California.  It operates the McCambridge Park Pool, and the Verdugo Park Pool Recreation Center.

6.     Defendant Arturo Montano was an employee of the City of Burbank and worked as a janitor at the McCambridge Park Pool, and

-1-
Complaint

Verdugo Park Pool from at least Spring 2014 until June 2016.

7. Silva is informed and believes, and on that basis alleges, that Montano and the DOE defendants were employees, and agents of the City of Burbank, acting within the scope and agency of that employment or agency relationship. Further, Montano's crimes were foreseeable events that the City failed to take adequate steps to prevent.

8. The true names and roles of Defendants DOES 1 through 25 are unknown to Silva and she sues them under these fictitious names. Silva alleges that these DOES are responsible in some manner for the acts and occurrences alleged within this Complaint. The acts and omissions of these DOES were a substantial factor in causing Silva's damages as each Defendant acted in concert with the others. The names and roles of the DOES shall be added to this Complaint as their identities and roles become known.

## COMMON ALLEGATIONS

9. Plaintiff Dominique Silva realleges and incorporates by reference Paragraphs 1 through 8 of this Complaint as if fully alleged herein.

10. Dominique Silva began working for the City of Burbank at the McCambridge Park Pool as a summer employee in April 2014 when she was 14 years old. Her initial responsibilities were to work as a locker room attendant and cashier.

11. The following summer, in 2015, Silva worked for the City of Burbank as a lifeguard and swim instructor at the Verdugo Park Pool.

12. In the summer of 2016, Silva worked for the City of Burbank as a lifeguard and swim instructor at the Verdugo Park Pool.

13. Silva was acquainted with Defendant Arturo Montano, a co-worker of hers. During her first year with the City, Montano would often try

to engage Silva in conversation, or ask her out to lunch.  Silva would always politely decline.

14.    During the summer of 2016, other female staff members at the Verugo Pool told Silva that they thought Montano was "creepy."  Despite this, Silva was always considerate of Montano, but made it a point to keep a polite distance from him.

15.    On June 22, 2016, when Silva reported for work at the Verdugo Pool, she noticed that her co-workers were in distress.  No one would tell Silva what was wrong until her supervisor, Mike Sighanate (who was also her former water polo coach) approached her and said the City's head coordinator wanted to speak with her at the gym office.

16.    Silva was shown into a room where Judy Wilke and Detective Childs from the Burbank Police Department were waiting.  Silva told them that she was 17 years old and a minor, and would like her mother present before going any further.  Silva's request for her mother to be present was denied.

17.    Instead, Wilke and Detective Childs informed Silva that Montano had been arrested that morning for surreptitiously videotaping the female staff, including Silva, while undressed, in the locker rooms, and showers.  Silva was told that Montano admitted that his video recording activities had been ongoing for a couple of years.  Also recorded undressed by Montano were four other girls, some of whom were also minors like Silva.  The Los Angeles District Attorney charged Montano in a 32-count complaint alleging violations of Penal Code §§ 647.6(A)(1) (two counts of annoying a child), and 647(j) (30 counts of invasion of privacy).

18.    After learning that Montano had been videotaping and otherwise recording her for over two years, Silva began to cry and was too ashamed to look Wilke or Detective Childs in the eye.  She again asked for her mother,

who was then called to speak with them.

19. News of Montano's arrest caused media interest. City management told all of the staff not to speak with the media who would come to the Pool seeking interviews. Several local television stations showed up to Montano's arraignment to broadcast the news.

20. About two weeks later, the City of Burbank sent a therapist for the employees to speak to. Silva availed herself to the opportunity and told the therapist that she was angry, embarrassed, felt betrayed and scared. Silva related that she now took showers, even at home, with her clothes on, and only when her mother was present.

21. The therapist suggested to Silva that Montano's actions might have been Silva's fault for being too nice to him or sending different messages. Then the therapist told Silva "boys will be boys, and you can't blame them for doing stupid things if that's just the way they are." Silva started crying and said she wanted to leave. This caused Silva to not want to continue further therapy — ever.

22. Silva is informed and believes, and on that basis alleges, that the City's sending a therapist to the pool to talk to her and the other victims was not done in the interest of the victims, but rather as a risk-management tool to help the City cover-up Montano's crimes, and avoid liability. This event caused Silva to feel violated again because the trust she reposed in the City's therapist was betrayed.

23. Silva continued to work at the Pool, but lost a number of students whose parents pulled them from the swimming classes because of fear for their safety. Silva blamed herself for the students leaving her class and she felt as if she had not done her job.

-4-
Complaint

## FIRST CAUSE OF ACTION
### (Under 18 U.S.C. 2252A)
### (Against all Defendants)

24.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully alleged herein.

25.    Plaintiff is informed and believes, and on that basis alleges that the images Montano recorded of Silva undressed in the Pool locker room and showers were done without her knowledge and consent.  These images were recorded for Montano's own sexual gratification, and were obscene and displayed Silva, and the other four victims in sexually-explicit conduct, prominently displaying their pubic area — while changing and showering. Plaintiff is informed and believes, and based on the representations of Wilke and Detective Childs, that these images of Silva and the four other victims were recorded over a two-and-one-half-year period of time and included multiple videos and images (more than thirty).

26.    Plaintiff is informed and believes, and on that basis alleges that Montano downloaded the images of Silva and the other four victims to other computers.  Montano also uploaded the images of Silva and the other four victims onto other computers and the Internet, and shared the images with others via email, or by showing others the images from his mobile phone or computer.

27.    Plaintiff is informed and believes, and on that basis alleges that Montano made the surreptitious recordings of Silva and the other four victims in the Verdugo Park Pool with the video recorder on his mobile phone, he "knowingly mail[ed] or transported or ship[ped] using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means including by computer, any child pornography." 18 U.S.C. 2252A(a)(1).

28.    Plaintiff is informed and believes, and on that basis alleges that Montano made the surreptitious recordings in the Verdugo Park Pool with the video recorder on his mobile phone, he knowingly redistributed, or reproduced the images of Silva and the other four victims by any means in interstate commerce, including a computer.

29.    Plaintiff is informed and believes, and on that basis alleges that the City of Burbank had actual or constructive knowledge of Montano's recording activities and failed to take any action to stop them.

30.    Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2252A(f) because Montano was its agent or employee acting within the scope of his employment or agency.

31.    Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2252A(f) because the City failed to adequately supervise Montano, allowing him to make the video recordings of Silva, causing the harms alleged herein.

32.    Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2252A(f) because the City failed to sufficiently screen Montano, and negligently retaining him to allow him to make the video recordings of Silva, causing the harms alleged herein.

33.    Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2252A(f) for its own actions, including making still reproductions and still copies of Montano's videos of Silva, and the other four victims, showing them to persons other than law enforcement, including other employees and contractors with the City of Burbank.

34.    The actions by Montano and the City of Burbank give rise to a civil cause of action by Silva under 18 U.S.C. § 2252A(f).

35.    Silva has suffered grave emotional distress injuries, including: depression, withdrawal, anger, betrayal, powerlessness, worthlessness, shame, massive acute anxiety, and low self-esteem.  Now and in the future, Silva is prone to be unable to develop healthy sexual relationships, will experience sexual disfunction, and stigma a being a victim of child pornography.

36.    Silva continues to be fearful of Montano, who is now out of jail. She no longer wants to live in Burbank, because of fear of Montano, and because members of the community ask her questions due to the widespread television coverage.  Silva often sleeps with her mother at night because she is afraid to sleep alone.  Silva suffers mood swings, tension in family relationships, has missed school, and her grades have suffered in school because of Montano and the City's actions described herein.

37.    The full extent of Silva's damages is not known at this time, but she reserves the right to amend this complaint to set the full nature and extent of such damages once they have been ascertained with particularity.

### SECOND CAUSE OF ACTION
### (Protection of Children Against Sexual Exploitation Act of 1977
### ("Masha's Law,") 18 U.S.C. § 2255)
### (Against all Defendants))

38.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 of this Complaint as if fully alleged herein.

39.    By doing the things and causing the harms alleged herein, Defendants violated 18 U.S.C. §§ 2252 and 2252A, giving rise to a civil cause of action under 18 U.S.C. § 2255(a) because of the personal injuries suffered by Silva alleged herein.

40.    Plaintiff is informed and believes, and on that basis alleges that

-7-
Complaint

the images Montano recorded of Silva undressed in the Pool locker room and showers were done without her knowledge and consent. These images were recorded for Montano's own sexual gratification, and were obscene and displayed Silva, and the other four victims in sexually explicit conduct, prominently displaying their pubic area. Plaintiff is informed and believes that these images of Silva and the four other victims were recorded over a two-and-one-half-year-period of time and included multiple videos and images (more than thirty).

41. Plaintiff is informed and believes, and on that basis alleges that Montano downloaded the images of Silva and the other four victims to other computers. Montano also uploaded the images of Silva and the other four victims onto other computers and the Internet, and shared the images with others via email, or by showing others the images from his mobile phone or computer.

42. Plaintiff is informed and believes, and on that basis alleges that Montano made the surreptitious recordings of Silva and the other four victims in the Verdugo Park Pool with the video recorder on his mobile phone, he "knowingly transported or ship[ped] using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means including by computer, any visual depiction – if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction if of such conduct." 18 U.S.C. 2252(a)(1).

43. Plaintiff is informed and believes, and on that basis alleges that Montano made the surreptitious recordings of Silva and the other four victims in the Verdugo Park Pool with the video recorder on his mobile phone, he "knowingly receiv[ed], or distribut[ed], any visual depiction of using any means or facility of interstate or foreign commerce, or which

-8-
Complaint

contains materials which have been mailed or shipped or transported by any means, including by computer, or knowingly reproduce[d] any visual depiction for distribution using any means or facility of interstate or foreign commerce or though the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction if of such conduct." 18 U.S.C. 2252(a)(2).

44.   Plaintiff is informed and believes, and on that basis alleges that Montano made the surreptitious recordings in the Verdugo Park Pool with the video recorder on his mobile phone, he knowingly redistributed, or reproduced the images of Silva and the other four victims by any means in interstate commerce, including a computer.

45.   Plaintiff is informed and believes, and on that basis alleges that the City of Burbank had actual or constructive knowledge of Montano's recording activities and failed to take any action to stop them.

46.   Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2255(a) because Montano was its agent or employee acting within the scope of his employment or agency.

47.   Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2255(a) because the City failed to adequately supervise Montano, allowing him to make the video recordings of Silva, causing the harms alleged herein.

48.   Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2255(a) because the City failed to sufficiently screen Montano, and negligently retaining him to allow him to make the video recordings of Silva, causing the harms alleged herein.

49.   Plaintiff is informed and believes, and on that basis alleges that the City of Burbank is liable under 18 U.S.C. § 2255(a) for its own actions, of ratifying Montano's conduct through its therapist — agent — and by making

-9-
Complaint

still reproductions and still copies of Montano's videos of Silva, and the other four victims, showing them to persons other than law enforcement, including other employees and contractors with the City of Burbank.

50.    The actions by Montano and the City of Burbank give rise to a civil cause of action by Silva under 18 U.S.C. § 2255(a).

## THIRD CAUSE OF ACTION
### (Civil Rights Act of 1871, 18 U.S.C. § 1983,
### U.S. Const. Amends. IV & XIV)
### (Against all Defendants)

51.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully alleged herein.

52.    This claim for relief is brought under 43 U.S.C. § 1983 for violations of Silva's right to privacy under the Fourth and Fourteenth Amendments of the United States Constitution because Defendants monitored Silva's activities in the locker rooms and showers, where she had a reasonable expectation of privacy, without probable cause.  This claim for relief is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice, or usage of a right, privilege, and immunity secured to Silva by the Fourth and Fourteenth Amendments to the United States Constitution.

53.    During all times mentioned herein, the Defendants acted under color and pretense of federal statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Burbank and State of California.

54.    During all times relevant to this Complaint, Silva had the right under the Fourth Amendment to be free from being viewed in a state of undress, without probable cause, and to due process of law.

55.    Defendants, and each of them, acted specifically with the intent to

deprive Silva of the right to privacy guaranteed under the United States Constitution.

56.    Defendants subjected Silva to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of her civil rights.

57.    Defendant City of Burbank is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the actions alleged were taken by City employees who: (1) committed the constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) were officials with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy; or (3) were officials with final policy-making authority ratifying Montano's actions, specifically by sending a therapist under the pretext of counselling, to cover-up and avoid any liability for Montano's acts.

## FOURTH CAUSE OF ACTION
### (Cal. Civ. Code § 1708.8(a)&(b))
### (Invasion of Privacy)
### (Against all Defendants)

58.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 57 of this Complaint as if fully alleged herein.

59.    Defendants violated Silva's right to privacy by capturing her images in a manner that is offensive to a reasonable person by making a physical impression of Silva engaging in private or personal activity.

60.    In doing the things and causing the harms alleged herein, Defendants violated Silva's right to privacy giving rise to a claim for damages under Cal. Civ. Code

§ 1708.8(d).

61. Silva filed a claim against the City of Burbank under Cal. Gov't Code § 911.2 on November 10, 2016. The City denied Silva's claim on August 24, 2017.

## FIFTH CAUSE OF ACTION
### (Cal. Civ. Code § 1708.85)
### (Invasion of Privacy)
### (Against all Defendants)

62. Plaintiff realleges and incorporates by reference Paragraphs 1 through 61 of this Complaint as if fully alleged herein.

63. In doing the things and causing the harms alleged herein, Defendants violated Silva's right to privacy giving rise to a claim for damages under Cal. Civ. Code § 1708.85(a).

64. In doing the things and causing the harms alleged herein, Defendants "intentionally distribute[d] by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if (1) the person knew that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person. . . ." Cal. Civ. Code § 1708.85(a).

## SIXTH CAUSE OF ACTION
### (Cal. Const., Art. I § 1)
### (Invasion of Privacy)
### (Against all Defendants)

65. Plaintiff realleges and incorporates by reference Paragraphs 1

-12-
Complaint

through 64 of this Complaint as if fully alleged herein.

66.    Defendants' actions violated Silva's rights under the self-executing Constitutional right of privacy that the electorate declared inalienable under Article 1, Section 1, of the California Constitution, which "protect[s] the dissemination and misuse of sensitive and confidential information." *Pioneer Electronics (USA) Inc. v. Superior Court (Olmstead)*, 40 Cal. 4th 360, 372 (2007) (citing *Hill v. NCAA*, 7 Cal. 4th 1, 35 (1994)).  The Defendants' conduct was the sort of "egregious" "breach of social norms" that support an invasion of privacy claim.  *Pioneer*, 40 Cal. 4th at 371 (citing *Hill*, 7 Cal. 4th at 37).

## SEVENTH CAUSE OF ACTION
### (Cal. Labor Code § 435)
### (Invasion of Privacy by Employer)
### (Against Defendant City of Burbank)

67.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 66 of this Complaint as if fully alleged herein.

68.    By doing the things and causing the harms alleged herein, Defendant City of Burbank violated Labor Code § 435 which prohibits an employer from causing "an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order."

69.    The conduct alleged herein gives rise to a cause of action under California's Labor Code Private Attorney General Act, Cal. Lab. Code §§ 2698 *et seq.*

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against all Defendants)

-13-
Complaint

70.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 69 of this Complaint as if fully alleged herein.

71.    In doing the things and causing the harms alleged herein, Defendants engaged in outrageous conduct, and acted in conscious disregard of the probability that Silva would suffer severe emotional distress knowing that Silva was present when the conduct occurred.

72.    Because of Defendants' actions, Silva suffered severe emotional distress and Defendants' conduct alleged herein was a substantial factor in causing her severe emotional distress.

## NINTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendant City of Burbank)

73.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 72 of this Complaint as if fully alleged herein

74.    Because Silva was a child in the City of Burbank's employ, the City owed her a special duty to protect her from outrageous conduct by Montano, and the City itself.

75.    By doing the things and causing the harms alleged herein, Defendant City of Burbank was negligent.  Because Montano's actions were foreseeable, and the City's own actions would foreseeably cause Silva harm, the City should have taken affirmative steps to not cause severe emotional distress to Silva.  Because of the City's negligence, Silva suffered severe emotional distress, and the City's actions were a substantial factor in causing Silva's emotional distress.

## TENTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and Retention)

-14-
Complaint

**(Against Defendant City of Burbank)**

76.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 75 of this Complaint as if fully alleged herein.

77.    The City of Burbank hired Arturo Montano as an employee, who was unfit to perform the work for which he was hired because he was a particular risk to video images of women in the stage of undress in the City's Pool's locker room and showers.

78.    The City knew or should have known of the particular risk that Montano presented, and this unfitness presented a foreseeable risk to others. Montano's unfitness caused harm to Silva, *e.g.*, emotional distress from an invasion of her privacy.  Further, the City's negligence in hiring, supervising, and/or retaining Montano was a substantial factor in causing the harm to Silva alleged herein.

WHEREFORE, Plaintiff Dominique Silva prays for the following relief:

As to the First Cause of Action:

1.    An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally;

2.    An award of punitive damages under 18 U.S.C. § 2252A(f)(2)(B);

3.    An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4.    An award of costs and attorneys' fees under 18 U.S.C. § 2252A(f)(2)(C); and

5.    Such other relief as the court finds just and proper.

As to the Second Cause of Action:

-15-
Complaint

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally under 18 U.S.C. § 2255(a), in an amount of not less than $150,000 per violation;

2. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

3. An award of costs and attorneys' fees under 18 U.S.C. § 2255(a); and

4. Such other relief as the court finds just and proper.

As to the Third Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank;

2. An award of punitive damages against Defendant Montano;

3. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4. An award of costs and attorneys' fees under 42 U.S.C. § 1988; and

5. Such other relief as the court finds just and proper.

As to the Fourth Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally;

2. An award of treble damages against Defendants under Cal. Civ. Code § 1708.8(d);

3. An award of punitive damages against Defendants under Cal. Civ. Code § 1708.8(d);

4. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

5. An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

6. Such other relief as the court finds just and proper.

As to the Fifth Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally;

2. An award of punitive damages under Cal. Civ. Code § 1708.85(a);

3. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4. An award of costs and attorneys' fees under Cal. Civ. Code § 1708.85(e); and

5. Such other relief as the court finds just and proper.

As to the Sixth Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally;

2. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

3. An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

4. Such other relief as the court finds just and proper.

As to the Seventh Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendant City of Burbank, jointly and severally;

2. An award of treble damages under Civil Code § 1708.8;

3. An award of prejudgment interest in the amount of 7% per annum

-17-
Complaint

from June 22, 2016;

4. An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

5. Such other relief as the court finds just and proper.

As to the Eighth Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendants Montano and the City of Burbank, jointly and severally;

2. An award of punitive damages under Civil Code § 3294;

3. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4. An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

5. Such other relief as the court finds just and proper.

As to the Ninth Cause of Action:

1. An award of compensatory damages for severe emotional distress against Defendant City of Burbank, jointly and severally;

2. An award of punitive damages under Civil Code § 3294;

3. An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4. An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

5. Such other relief as the court finds just and proper.

-18-
Complaint

As to the Tenth Cause of Action:

1.    An award of compensatory damages for severe emotional distress against Defendant City of Burbank, jointly and severally;

2.    An award of punitive damages under Civil Code § 3294;

3.    An award of prejudgment interest in the amount of 7% per annum from June 22, 2016;

4.    An award of costs and attorneys' fees under Cal. Civ. Proc. Code § 1021.5; and

5.    Such other relief as the court finds just and proper.

Dated:  February 16, 2018          THE RAMJI LAW GROUP, APC


                                   By:  /S/_Rizwan R. Ramji_____
                                        Rizwan R. Ramji
                                        Attorneys for Plaintiff
                                        Dominique Silva

-19-

Complaint

## JURY DEMAND

Plaintiff demands trial by jury on all claims so properly triable.


Dated:  February 16, 2018          THE RAMJI LAW GROUP, APC



                                   By:  /S/_Rizwan R. Ramji_____
                                        Rizwan R. Ramji
                                        Attorneys for Plaintiff
                                        Dominique Silva

-20-

Complaint